# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BRADY, | CASE NO. 1:06-CV-00136 AWI SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| DR. TIMOTHY FISHBACK, et al., | (Doc. 1) |
| Defendants. | |

I.  Findings and Recommendations Following Screening of Complaint

    A.  Procedural History

Plaintiff Patrick Brady ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132. Plaintiff filed this action on February 7, 2006. Plaintiff is seeking injunctive relief and money damages against defendants Dr. Timothy Fishback, Dr. Jesus Juarez, Dr. Simon Villa, and the California Department of Corrections and Rehabilitation for allegedly violating his rights under the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, the Americans with Disabilities act, and California law. The events giving rise to plaintiff's claims allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated.

On October 5, 2006, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and issued an order finding that the complaint stated a claim for relief under section 1983 against defendants Fishback, Juarez, and Villa for acting with deliberate indifference to his serious medical

1

needs, in violation of the Eighth Amendment, but did not state any other claims upon which relief may be granted under section 1983, under the ADA, or under California law. The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his cognizable Eighth Amendment claim. On October 18, 2006, plaintiff notified the court that he is willing to proceed only on his Eighth Amendment claim. Based on plaintiff's notice, this Findings and Recommendations now issues.

### B.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

2

2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      C.     Plaintiff's Claims

           1.     Eighth Amendment Medical Care Claim[1]

Plaintiff suffers from Attention Deficit Disorder and Attention Deficit Hyperactivity Disorder ("ADD/HD"), and has a history of being prescribed Ritalin, including while in the custody of the California Department of Corrections and Rehabilitation. Plaintiff alleges Ritalin was an effective and successful medication while the substitutes offered to him were not. Plaintiff alleges he is not presently receiving any treatment for ADD/HD.

On June 8, 2005, plaintiff was informed by defendant Villa, a psychiatrist at CSP-Corcoran, that pursuant to a mandate from Sacramento, Ritalin was being discontinued and plaintiff would no longer be treated for his ADD/HD. After expressing concern to Lavine, a prison employee, on August 3, 2005, and filing an CDC-1824 form (ADA form), plaintiff was prescribed Strattera on August 19, 2005.

On September 1, 2005, plaintiff showed Lavine a letter he obtained from counsel in the Coleman case which stated that defendant Fishback, and Sacramento, never issued an order for Corcoran stop providing Ritalin. On September 2, 2005, plaintiff obtained a facsimile from defendant Fishback to defendant Juarez concerning Corcoran staff's request for the discontinuation of Ritalin to be placed in writing. Defendant Fishback stated that a statewide memo would be sent once it was prepared.

On September 3, 2005, plaintiff was interviewed by defendant Juarez, who told plaintiff that he wished he could treat plaintiff's ADD/HD but his hands were tied by higher ups and he would

///

---

[1] Set forth as claims one and two in the complaint.

be risking his job if he prescribed Ritalin, due to defendant Fishback's threats. Defendant Juarez said all he could prescribe was Wellbutrin for the anxiety caused by plaintiff's untreated ADD/HD.

Strattera was subsequently discontinued on September 7, 2005, due to the severe side effects plaintiff was experiencing. On October 30, 2005, plaintiff was taken off Wellbutrin due to side effects. On January 7, 2006, plaintiff was put on Effexor for extreme anxiety and depression but is not receiving any treatment for his ADD/HD. Plaintiff alleges he suffers from problems with memory, cognitive thinking, information retention, extreme argumentativeness, compulsive outbursts during conversation, the inability to sit still for more than five minutes, and constant agitation. Plaintiff alleges he still suffered those symptoms while on Ritalin, but they were diminished, and he has suffered from depression and anxiety since being taken off Ritalin. Plaintiff alleges he has lost the ability to function and live independently since discontinuing Ritalin. Among other things, plaintiff alleges he can no longer read, carry on conversations, or sit still, has flunked out of his college courses, and is in a constantly agitated state which includes rocking, grinding his teeth, and pacing.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate

indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In light of minimal notice pleading standards, plaintiff's allegations that defendants discontinued treating him for ADD/HD with Ritalin or any other medication and instituted an unwritten policy precluding the prescription of Ritalin for ADD/HD are sufficient to state a claim for relief against defendants Fishback, Juarez, and Villa. Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002) (Federal Rule of Civil Procedure 8 requires only that complaint give defendant fair notice of plaintiff's claim and the grounds upon which it rests); Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (Ninth Circuit cases requiring heightened pleading of improper motive in constitutional tort cases where subjective intent is an element are inconsistent with federal system of notice pleading and are no longer good law). However, plaintiff may not pursue a claim for relief against defendant CDCR under section 1983 for violation of the Eighth Amendment because the Eleventh Amendment bars suits brought against state agencies. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).

        2.      Due Process Claim[2]

Plaintiff alleges defendants violated his due process rights when they instituted and/or endorsed an unwritten policy preventing the prescription of Ritalin for ADD/HD, in violation of the Coleman, Armstrong, and Plata consent decrees.

As a threshold matter, the violation of the consent decrees in Coleman, Armstrong, and Plata alone does not allow plaintiff to pursue relief in this action "because remedial orders . . . do not create 'rights, privileges or immunities secured by the Constitution and the laws' of the United States." Hart v. Cambra, No. C 96-0924 SI, 1997 WL 564059, *5 (N.D. Cal. Aug. 22, 1997)

---

[2] Claim three in the complaint.

(quoting Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986). Equitable claims based on defendants' violation of the consent decrees must be pursued through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). However, plaintiff may be able to pursue a damages claim under section 1983. Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996). To pursue a damages claim, plaintiff must allege facts supporting a claim that defendants' acts or omissions violated a federal right. See Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999) (district court characterized inmate's damages claim as one alleging violations of his First Amendment rights as opposed to alleging a breach of consent decree); Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D. Cal. 1995) (resolution of issues in Gates v. Deukmejian, No. CIV S- 87-1636 LKK JFM, 1988 WL 92568 (E.D. Cal. 1988) governed by Gates consent decree while issues in instant case governed by standards applicable to claims brought under Eighth Amendment)).

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that support a claim he was deprived of a protected interest without procedural due process. Plaintiff's allegations concerning the failure to prescribe Ritalin fall within the purview of the Eighth Amendment, not the Due Process Clause. Accordingly, plaintiff's complaint does not state a claim for relief for denial of due process.

        3.    ADA Claim[3]

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98

---

[3] Claim four in the complaint.

F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

In Roundtree v. Adams CV-F-01-6502-OWW-SMS-P, the Honorable Oliver W. Wanger found that individual liability is precluded under Title II of the ADA. (Roundtree, Court Doc. 117.) In the opinion, Judge Wanger stated

> The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B) . . . . "Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity." *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000). The term "public entity," "as it is defined within the statute, does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *see also* 42 U.S.C. § 12131(1). "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *accord Miller v. King*, 384 F.3d 1248, 1276-77 (11th Cir. 2004) . . . . Individual liability is precluded under ADA Title II.

(Doc. 117, 16:18-17:6.) Accordingly, plaintiff is precluded from pursuing an ADA claim against defendants Fishback, Juarez, and Villa.

Further, although plaintiff could amend to name an entity such as CDCR as a defendant, plaintiff's claim is still precluded because the basis of his claim is the denial of appropriate medical treatment for his condition, not intentional discrimination by reason of his disability and exclusion from participation in any program or activity. The treatment, or lack of treatment, concerning plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Accordingly, plaintiff's complaint does not contain a cognizable ADA claim.

4. <u>State Law Claims</u>

As a threshold matter, plaintiff has not stated any claims for relief under state law because he has not alleged compliance with California's Tort Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. <u>State v. Superior Court of Kings County (Bodde)</u>, 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff *must* allege compliance with the Tort Claims Act. <u>State v. Superior Court</u>, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff not done so and therefore fails to state any claims under California law. In addition, plaintiff's state law claims suffer from the deficiencies set forth in the subsections that follow.

a. <u>Fraud Claim</u>[4]

The elements of fraudulent misrepresentation under California law are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. <u>Okun v. Morton</u>, 250 Cal.Rptr. 220, 235 (Cal. Ct. App. 1988). All elements must be present and the absence of any one element is fatal to recovery. <u>Id</u>. Plaintiff's complaint does not contain any facts that support a claim for relief against defendants under California law for fraudulent misrepresentation.

b. <u>Failure to Follow Policies</u>[5]

Plaintiff alleges a claim for relief based on defendants' failure to follow policies and procedures in place for plaintiff's protection, as is their obligation. Plaintiff has not set forth a legal

---

[4] Fifth claim for relief in the complaint.

[5] Sixth claim for relief in the complaint.

8

claim in this section. Plaintiff bears the burden of notifying defendants and the court of the basis of his claims. Fed. R. Civ. P. 8(a). Given that plaintiff has not identified a legal claim, the court declines to speculate as to the legal basis for the claim plaintiff is attempting to state in this section. Plaintiff's sixth claim for relief is not cognizable.

### c.    IIED/NIED Claim[6]

Plaintiff alleges a claim for IIED/NIED. Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996) (citing to Christensen v. Superior Court, 54 Cal.3d 868 (1991)) (quotations omitted). Plaintiff's complaint contains no allegations supporting a claim that any defendant acted extremely and outrageously with the intention of causing plaintiff emotional distress.

"[T]he negligent causing of emotional distress is not an independent tort, but the tort of negligence," Burgess v. Superior Court, 831 P.2d 1197, 1200 (Ct. App. 1992), and "contains the traditional elements of duty, breach of duty, causation and damages." Jacoves v. United Merchandising Corp., 9 Cal.App.4th 88, 106 (Ct. App. 1992). Accordingly, plaintiff's claim for "negligent infliction of emotional distress" is not cognizable.

### D.    Conclusion

The court finds plaintiff's complaint states a claim for relief under section 1983 against defendants Fishback, Juarez, and Villa for acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. However, plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983, under the ADA, or under California law. The court provided plaintiff with the opportunity to file an amended complaint, but plaintiff opted to proceed only on his cognizable Eighth Amendment claim.

///

---

[6] Seventh claim for relief in the complaint.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's complaint, filed February 7, 2006, against defendants Fishback, Juarez, and Villa on plaintiff's Eighth Amendment medical care claim;

2. Plaintiff's due process claim be dismissed from this action for failure to state a claim upon which relief may be granted;

3. Plaintiff's ADA claim be dismissed from this action for failure to state a claim upon which relief may be granted; and

4. Plaintiff's state law claims be dismissed from this action for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 24, 2006**                     /s/ Sandra M. Snyder
icido3                                             UNITED STATES MAGISTRATE JUDGE