IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BRADY,

    Plaintiff,

vs.

TIMOTHY FISHBACK, et al.,

    Defendants.

Case No. 1:06-cv-00136 ALA (P)

ORDER

    Plaintiff Patrick Brady is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Before this Court are the following two motions: (1) Mr. Brady's "Motion to Extend Discovery" (Doc. 48); and (2) Mr. Brady's "Motion to Stay Defendants' Motion for Summary Judgment Pending Resolution of Serving Depositions on Non-Party Individuals" (Doc. 58). Defendants Jesus Juarez, M.D., and Simon Villa, M.D., oppose both motions. For the reasons set forth below the motions are granted and the trial date of July 15, 2008, is hereby vacated.

**I**

    On August 2, 2007, Mr. Brady filed subpoenas and "written depositions" for eight non-parties. (Doc. 30). Mr. Brady named the following individuals: Dr. L. Puljol, psychologist; Psychiatric Technician Gonzales; Psychiatrist Barda; Psychological Technician LaVine; Dr.

1

John Klarich; Dr. W. McGinness; Dr. Chiurrazi, Chief Psychologist ; Dr. K. Knight, psychiatrist. While these individuals are named, their addresses are not provided. Attached to each subpoena is a list of questions that Mr. Brady prepared. It appears that Mr. Brady was attempting to take non-party depositions by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure.

On December 10, 2007, Mr. Brady filed a document entitled "Second Judicial Notice" in which he requested an extension of time to complete discovery. (Doc. 39). The Court granted Mr. Brady's requests and ordered February 28, 2008 as the new cut-off date for discovery.[1] (Doc. 41).

Mr. Brady filed the instant "Motion to Extend Discovery." (Doc. 48.) The motion is dated February 16, 2008, but was filed on March 4, 2008. (*Id.*).

Defendants timely filed motions for summary judgment on March 31, 2008. (Docs. 54, 55). On April 11, 2008, Mr. Brady filed a motion requesting that Defendants' motions for summary judgment be "stayed" pending the resolution of his motion to compel. (Doc. 58). Defendants Juarez and Villa filed oppositions to Mr. Brady's motions. (Doc. 59).

**II**

In his motion to extend discovery, Mr. Brady contends that on two occasions, December 26, 2007, and January 23, 2008, he filed subpoenas to take the depositions by written questions of non-party individuals. Mr. Brady argues that on both occasions the Clerk of the Court "screened them out." The Clerk of the Court did not accept the documents for filing because "[p]ursuant to Local Rule 33-250(c),[2] Interrogatories, responses and proofs of service shall not

---

[1] The original discovery cut-off date was January 30, 2008. (Doc. 21).

[2] Local Rule 33-250(c) provides: "Filing of Interrogatories. Interrogatories, responses, and proofs of service thereof shall not be filed with the Clerk until there is a proceeding in which the interrogatories or proof of service is at issue. When required in a proceeding, only that part of the set of interrogatories and answers that is in issue shall be filed. If filed with the Clerk, interrogatories are governed by CM/ECF."

be filed with the clerk of court until there is a proceeding in which the interrogatories, responses, or proofs of service are AT ISSUE." (Doc. 28, Ex. A) (emphasis in original). Mr. Brady asks that discovery be extended because he needs the "unbiased testimony of numerous doctors . . . to prove the allegations set forth in the complaint."

Pursuant to Rule 31(a)(1) of the Federal Rules of Civil Procedure, "[a] party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." As one court explained:

> A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness . . . .

*Lopez v. Horel*, 2007 WL 2177460, at *2 n.2 (N.D. Cal. July 27, 2007). "Plaintiff's in forma pauperis status . . . does not entitle him to waiver of witness fees, mileage or deposition officer fees." *Jackson v. Woodford*, 2007 WL 2580566, at *1. (S.D. Cal. August 17, 2007).

Here, it appears that on August 2, 2007, when Mr. Brady filed subpoenas and "written depositions" he was attempting to take the depositions by written questions of non-parties. (Doc. 30). It also appears that on December 26, 2007, and January 23, 2008, Mr. Brady attempted to take the depositions by written questions, but that the documents were not brought to the Court's attention because they did not pass screening. Therefore, in the interest of justice, the Court grants Mr. Brady's motion to extend discovery for the limited purpose of taking the deposition by written question of non-party witnesses pursuant to Rule 31.

Defendants Juarez and Villa argue that Mr. Brady's motion to extend discovery violates the scheduling order because "he did not even mail his discovery motion until February 16,

3

2008," which was after the discovery cut-off deadline. (Doc. 59). Defendants ignore that the Court extended the discovery deadline to February 28, 2008. (Doc. 41).

In view of the logistical problems inherent in the taking of a deposition within a prison, and pursuant to its authority to order such terms as will provide for the safe and expeditious taking of depositions, this Court grants plaintiff leave to proceed with the deposition by written questions. If plaintiff chooses to proceed in this manner he may submit a list of questions for each witness to this Court, with appropriate copies served on defendants, on or before May 19, 2008. Plaintiff must also file a notice of deposition for each individual that lists his or her current address. Defendants may object to any questions, and submit questions of their own on or before June 2, 2008. Plaintiff may object to proposed cross-examination questions on or before June 16, 2008. If redirect and recross-examination questions are desired by either party under Rule 31(a), the party shall notify the Court forthwith and provision will be made.

When the questions have been determined, the Court will forward all permissible questions to the deponent(s). The deponent(s) shall write out answers to the questions on the forms provided by Plaintiff, swear to their truthfulness by verification, and return them to the Court. The Clerk of the Court will then forward copies of the answers to the parties. Counsel for defendants are ordered to provide such assistance as is required within and without the prison to effectuate this order.

**III**

Because Mr. Brady's motion to extend discovery is granted, his motion to stay Defendants' motions for summary judgment is also granted. Defendants Juarez and Villa oppose the motion to stay arguing that it is "defective" pursuant to Local Rule of Court 56-260(b). (Doc. 59). This rule provides that "[i]f a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Mr. Brady has met the requirements of this rule because he maintains that he needs to conduct further discovery of

non-party witnesses to "contradict the defendant's statements that there was no order to discontinue [his prescriptions]." (Docs. 48 and 58).

///

Accordingly, good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to extend discovery for the limited purpose of taking the depositions of non-party witnesses is granted (Doc. 48);

2. Plaintiff's motion to stay Defendants' motion for summary judgment is granted (Doc. 58);

3. Plaintiff may submit notices of depositions and written questions for direct examination of non-party witnesses, with adequate space provided for answers, and on or before May 19, 2008;

4. Defendants may object to the proposed direct questions and submit proposed written questions for cross-examination on or before June 2, 2008;

5. Plaintiff may file objections to proposed cross-examination questions on or before June 16, 2008;

6. Upon determination of permissible questions by the Court, the Clerk shall forward copies of the questions to the non-party deponents;

7. Upon receipt of the questions, the non-party deponents shall write out his or her answers in the form provided by Plaintiff and return them to the Court no later than twenty-one days after service by the Clerk;

8. Upon receipt of the answers, the Clerk shall serve the parties with copies of the answers;

9. The parties shall inform the Court forthwith whether they wish to depose the non-party deponents further by redirect and/or recross-examination questions, and upon such notification the Court will make provision for further questioning;

10. Plaintiff shall respond to Defendants' motions for summary judgment (Docs. 54, 55) by July 31, 2008;

11. Defendants shall respond to Plaintiffs' response to the motions for summary judgment by August 15, 2008;

12. The December 17, 2007 scheduling order (Doc. 41) is hereby vacated; and

13. The July 15, 2008 trial date is hereby vacated and will be rescheduled after review of dispositive motions.

///

DATED: April 28, 2008

/s/ Arthur L. Alarcón
_____
UNITED STATES CIRCUIT JUDGE
Sitting by Designation