IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BRADY,

    Plaintiff,    Case No. 1:06-cv-00136 ALA (P)

    vs.

TIMOTHY FISHBACK, et al.,    ORDER

    Defendants.

_____/

Plaintiff Patrick Brady is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to Court order, Mr. Brady was permitted to take depositions by written questions of non-parties. (Doc. No. 62). Defendants had up to June 2, 2008, to object to any of the proposed questions.[1] Before this Court are Defendant Timothy Fishback's objections to Mr. Brady's depositions by written questions (Doc. Nos. 64-70). Set forth below are the Court's rulings on each of these objections.

**I**

**Defendant Fishback's "Objections to Written Deposition**

**Questions Directed to Dr. Barad" (Doc. No. 64)**

---

[1] Mr. Brady had up to June 16, 2008 to file objections to the proposed cross-examination questions. He did not file any objections.

1

1  WRITTEN DEPOSITION QUESTION NO. 4:
2      Are stimulants a common and effective medication prescribed to treat ADHD?
3  OBJECTION:
4      Objection. Vague and ambiguous as to "common" and compound. Overly broad
5  and an incomplete hypothetical.
6  COURT'S RULING:
7      Overruled.
8  ///
9  WRITTEN DEPOSITION QUESTION NO. 5:
10     Have you prescribed any medication for plaintiff to reduce his ADHD symptoms?
11 OBJECTION:
12     Objection. Assumes facts not in evidence that plaintiff had ADHD symptoms.
13 COURT'S RULING:
14     Sustained in part.  Dr. Barad shall answer the question whether any medication was
15 prescribed to plaintiff for ADHD.
16 ///
17 WRITTEN DEPOSITION QUESTION NO. 7:
18     Do you ensure a prisoner is correctly diagnosed before prescribing a specific medication?
19 OBJECTION:
20     Objection. Overly broad and an incomplete hypothetical.
21 COURT'S RULING:
22     Overruled.

## II

### Defendant Fishback's "Objections to Written Deposition Questions Directed to Psych Tech Gonzales" (Doc. No. 65)

26 WRITTEN DEPOSITION QUESTION NO. 4:

1    To your knowledge why was plaintiffs [sic] Ritalin discontinued?

2 OBJECTION:

3    Objection. Lacks foundation.

4 COURT'S RULING:

5    Overruled.

## III

### Defendant Fishback's "Objections to Written Deposition Questions Directed to Dr. Renee Kanan" (Doc. No. 66)

9 WRITTEN DEPOSITION QUESTION NO. 2:

10    Does the health care services division have or did it have a policy proscribing the use of stimulants, including Ritalin, in all of CDCR? If so, who started it?

12 OBJECTION:

13    Objection. Vague as to time and compound.

14 COURT'S RULING:

15    Sustained in part.  Dr. Renee Kanan shall answer the question limited to the relevant times as set forth in Mr. Brady's complaint.

17 ///

18 WRITTEN DEPOSITION QUESTION NO. 3:

19    At any time did you discuss a policy proscribing stimulants with Dr. Timothy Fishback? If so, please explain.

21 OBJECTION:

22    Objection. Calls for a narrative.

23 COURT'S RULING:

24    Overruled.

25 ///

26 WRITTEN DEPOSITION QUESTION NO. 5:

1  Has the policy to discontinue Ritalin been under review since 2005? If so, what was the
2  result?
3  OBJECTION:
4  Objection. Assumes facts not in evidence that a policy to discontinue the use of Ritalin
5  exists.
6  COURT'S RULING:
7  Overruled.
8  ///
9  WRITTEN DEPOSITION QUESTION NO. 6:
10  To your knowledge, why did Dr. Fishback leave health care services division?
11  OBJECTION:
12  Objection. Lacks foundation.
13  COURT'S RULING:
14  Sustained in part.  Dr. Renee Kanan shall answer the question whether he knows if Dr.
15  Fishback is still working for the health care service division, and if he is not, the reasons for it.

## IV

### Defendant Fishback's "Objections to Written Deposition Questions Directed to Dr. Knight" (Doc. No. 67)

19  WRITTEN DEPOSITION QUESTION NO. 6:
20  Was there ever a time at Corcoran when there were no approved medications available to
21  treat prisoners with ADHD? If so when and why? If no which medications were available?
22  OBJECTION:
23  Objection. Overly broad and vague as to time and vague and ambiguous as to "approved
24  medications."
25  COURT'S RULING:
26

1  Sustained in part.  Dr. Knight shall answer the question limited to the relevant times as
2  set forth in Mr. Brady's complaint.
3  ///
4  WRITTEN DEPOSITION QUESTION NO. 9 [sic]:
5  Was there ever a time at Corcoran when there were no approved medications available to
6  treat prisoners with ADHD? If so when and why?  If no which medications were available?
7  OBJECTION:
8  Objection. Asked and answered. This is the same question as number 6. Overly broad
9  and vague as to time and vague and ambiguous as to "approved medications."
10 COURT'S RULING:
11 Sustained.
12 ///
13 WRITTEN DEPOSITION QUESTION NO. 10 [sic]:
14 Was there ever a time at Corcoran when you were told not to treat prisoners with ADHD?
15 If yes, who told you not to treat them?
16 OBJECTION:
17 Objection. Asked and answered. This is the same question as number 7.
18 COURT'S RULING:
19 Sustained.

20 **V**
21 **Defendant Fishback's "Objections to Written Deposition**
22 **Questions Directed to Psych Tech Lavine" (Doc. No. 68)**
23 WRITTEN DEPOSITION QUESTION NO. 4:
24 To your knowledge why was plaintiffs [sic] Ritalin discontinued?
25 OBJECTION:
26 Objection. Lacks foundation.

COURT'S RULING:

    Overruled.

## VI

## Defendant Fishback's "Objections to Written Deposition Questions Directed to Dr. McGuiness" (Doc. No. 69)

WRITTEN DEPOSITION QUESTION NO. 3:

    Was there ever a policy which proscribed the use of prescription stimulants for ADHD? If so, who was behind it and who enforced it?

OBJECTION:

    Objection. Lacks foundation. Vague and ambiguous as to "who was behind it".

COURT'S RULING:

    Sustained in part.  Dr. McGuiness shall answer the question with the words "who was behind it" stricken.

///

WRITTEN DEPOSITION QUESTION NO. 4:

    Have you ever read a memorandum, fax, email etc ordering doctors not to prescribe stimulants to treat ADHD? If so who wrote it and when?

OBJECTION:

    Objection. Vague and ambiguous as to "and when".

COURT'S RULING:

    Sustained in part.  Dr. McGuiness shall answer the question limited to the relevant times as set forth in Mr. Brady's complaint.[2]

///

///

---

[2] Defendant Fishback has not raised any objections to the written deposition questions directed to Dr. Puljo.  (Doc. No. 70).

Accordingly, good cause appearing, **IT IS HEREBY ORDERED** that:

1. Mr. Brady has up to July 8, 2008 to provide addresses for the non-party deponents; counsel for Defendants are ordered to provide such assistance as is required within and without the prison to effectuate this order.

2. Upon receipt of the address of the non-party deponents, the Clerk shall forward copies of the questions to the non-party deponents along with this order ruling on Defendant Fishback's objections to the questions.

3. Upon receipt of the questions, the non-party deponents shall write out his or her answers in the form provided by Plaintiff and return them to the Court no later than twenty-one days after service by the Clerk.

4. Upon receipt of the answers, the Clerk shall serve the parties with copies of the answers.

5. Mr. Brady shall respond to Defendants' motions for summary judgment (Docs. 54, 55) by August 22, 2008.

6. Defendants shall respond to Mr. Brady's response to the motions for summary judgment by August 29, 2008.

///

DATED: June 24, 2008

/s/ Arthur L. Alarcón
_____
UNITED STATES CIRCUIT JUDGE
Sitting by Designation