1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  PATRICK BRADY,

12              Plaintiff,                    Case No. 1:06-cv-00136 ALA (P)

13      vs.

14  TIMOTHY FISHBACK, et al.,

15              Defendants.                   ORDER

16  _____/

17      Plaintiff Patrick Brady is a state prisoner proceeding *pro se* and *in forma pauperis*

18  pursuant to 28 U.S.C. § 1915, with a civil rights action pursuant to 42 U.S.C. § 1983.  Two

19  matters are pending before the Court.

20                                     **A**

21      On October 24, 2008, Plaintiff filed a motion to sanction Corcoran's Litigation

22  Coordinator, pursuant to Rule 11(c) of the Federal Rule of Civil Procedure, for purposefully

23  withholding written deposition questions to non-party witnesses Dr. Barda, Dr. Puljol, Psych

24  Tech Gonzales and Psych Tech Lavine.

25      The record reflects that Psych Tech Gonzales Psych Tech Lavine, and Dr. Barda have

26  provided responses to Plaintiff's written deposition questions.  The Court issued an OSC on

1

1   December 24, 2008 to the Corcoran Litigation Coordinator directing Jennifer Jones and/or

2   Teresa Lauren to show case why they should not be sanctioned for failing to provide Dr. Puljol

3   and Dr. McGuiness with Plaintiff's written deposition questions.  Upon receiving a response to

4   the pending OSC, the Court will determine whether sanctions are warranted in this case.

5        Rule 11(c) provides that a party may be sanctioned who makes improper representations,

6   unwarranted claims or unfounded contentions to the court.  Fed. R. Civ.P. 11(c).  Corcoran's

7   Litigation Coordinator has not made any representations to the Court.  Therefore, Rule 11(c)

8   does not apply.  Accordingly, Plaintiff's motion for sanctions will be denied.

9                                    **B**

10       On November 24, 2008, Plaintiff filed a motion for counsel.  (Doc. 98).  Plaintiff

11  contends that he has Attention Deficit Hyperactivity that is not treated and has been relying on

12  the assistance of "numerous prisoners helping him prosecute this case [who] Plaintiff will not be

13  allowed to bring . . . with him to trial."  *Id.*  Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may

14  request an attorney to represent any person unable to afford counsel" and thus confers upon a

15  district court the discretion to designate counsel to represent an indigent civil litigant.  28 U.S.C.

16  § 1915(e) (1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also United*

17  *States v. 30.64 Acres of Land*, 795 F.2d 796, 803-804 (9th Cir. 1986) (holding that "[i]n an

18  appropriate case, a federal court has a duty under section 1915[e] to assist a party in obtaining

19  counsel willing to serve for little or no compensation") .

20       The United States Supreme Court has ruled that district courts lack authority to require

21  counsel to represent indigent prisoners in § 1983 cases.  *Mallard v. United States District Court*

22  *for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  In certain exceptional

23  circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C.

24  § 1915(e)(1).  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable

25  method of securing and compensating counsel, this court will seek volunteer counsel only in the

26  most serious and exceptional cases.

1    "A finding of exceptional circumstances requires an evaluation of both the likelihood of

2  success on the merits and the ability of the petitioner to articulate his claims pro se in light of the

3  complexity of the legal issues involved.  Neither of these factors is dispositive and both must be

4  viewed together before reaching a decision on request of counsel under section 1915[e]." *Id*.

5  (citations and internal quotations omitted).

6      In the present case, the Court does not find the required exceptional circumstances. *See*

7  *Rand*, 113 F.3d at 1525.  In his motion for the appointment of counsel, Plaintiff has offered no

8  argument to the effect that he has any requisite likelihood of success. *Id.*  As to the second prong

9  of the test, Plaintiff has not demonstrated that because of the complexity of his claims, he is

10 unable to articulate his positions.  The Court understands that Plaintiff contends he suffers from

11 Attention Deficit Hyperactivity that is not treated.  However, even if it is assumed that plaintiff

12 is not well versed in the law and that he has made serious allegations which, if proved, would

13 entitle him to relief, his case is not exceptional.  The district courts are faced with similar cases

14 almost daily.  Therefore, Plaintiff's request for the appointment of counsel shall be denied.

15      Accordingly, IT IS HEREBY ORDERED that:

16   1.    Plaintiff's motion to sanction Corcoran's Litigation Coordinator is DENIED;

17         (Doc. 95) and,

18   2.    Plaintiff's motion for counsel is DENIED.  (Doc. 98).

19 /////

20 DATED: January 8, 2009

21                    /s/ Arthur L. Alarcón
                     UNITED STATES CIRCUIT  JUDGE
22                    Sitting by Designation

23

24

25

26

3